**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DELAWRENCE NELSON,**<br>**on behalf of themself**<br>**and all others similarly situated**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SPECIFIC PROTECTION SERVICES LLC,**<br><br>**And**<br><br>**SHANNON C. STRANGE II,**<br><br>**Defendants.** | Case No. 1:26-cv-00958-APM<br><br>**First Amended**<br>**Collective/Class Action Complaint** |

Plaintiff **DELAWRENCE NELSON** ("Plaintiff"), by and through her attorneys, HKM Employment Attorneys, LLP, hereby alleges as follows:

## INTRODUCTION

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant **SPECIFIC PROTECTION SERVICES LLC** and Defendant **SHANNON C. STRANGE II** (jointly "Defendants"), arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and accompanying United States Dept. of Labor regulations, as well as the District of Columbia Minimum Wage Act, D.C. Code § 32-1001, *et seq*. ("DCMWA"), the District of Columbia Wage Payment and Collection Law, D.C.

Code §§ 32-1301 et seq. ("the DCWPCL"), and supporting District of Columbia Department of Employment Services regulations (DCMWA, DCWPCL, and D.C. wage regulations collectively "D.C. Wage Laws").

2. Defendants jointly employed Plaintiff and members of the FLSA Collective and members of the Rule 23 D.C. Class, as defined herein.

3. During the past three years from the filing of this Complaint, Defendants employed, and continues to employ, security professionals whom Defendants has misclassified as 1099 independent contractors.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim, pursuant to 28 U.S.C. § 1331, because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

5. Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

6. Defendants' annual revenue exceed $500,000, and Defendants employs more than two individuals; thus, the FLSA applies in this case on an enterprise basis.

7. Defendants' employees engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

8. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because they originate from the same facts that form the basis of Plaintiff's federal claims.

9. This Court has personal jurisdiction over Defendants because Defendants conduct business within D.C., employs individuals within D.C., is registered to conduct business in D.C., and maintains its principal place of business in D.C.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants employ individuals in this district, conducts business in this district, and a substantial portion of the events that give rise to the Plaintiffs' claims occurred in this district.

## PARTIES

11. At all relevant times, Plaintiff was and is a resident of Washington, D.C.

12. At all relevant times, Defendants were and are residents of Oxon Hill, MD.

13. At all relevant times, Defendants were and are the largest independent security firm in the Washington, D.C. metro region with more than 100 security guards employed during the past 3 years.

14. At all relevant times, Defendants actively conducted business in the District of Columbia.

15. At all relevant times, Defendants were "employers" of Plaintiff within the meaning of the FLSA, D.C. Wage Laws, and D.C. common law.

## FACTS

16. Plaintiff worked for Defendants as a security professional during the past three years from the filing of this Complaint.

17. Defendants compensated Plaintiff through the payment of an hourly rate.

18. Defendants set Plaintiff's schedule and hourly pay at all relevant times.

19. Defendants supervised Plaintiff's work.

20. Defendants directed Plaintiff as to what job sites to work on behalf of Defendants.

21. Defendants provided Plaintiff with training.

22. Defendants provided Plaintiff with a uniform.

23. Defendants misclassified Plaintiff as an independent contractor.

24. Defendants were Plaintiff's employer.

25. Defendants failed to pay Plaintiff time and a half his regular rate of pay for hours that Plaintiff worked over 40 in a given work week.

26. Per Defendants' website, Defendants' "[o]fficers have successfully completed the 40-hour Firearms Certification Course requirements as prescribed by the Metropolitan Police Department Security Officers Management Branch in compliance with General Order 308.7 (D) (5) and DCMR Title."

27. Per Defendants' website, Defendants were granted a license (license number SAB40000129) by the D.C. Dept. of Licensing and Consumer Protection as a "Security Agency Business."

28. Per Defendants' website, Defendants were certified by the State of Maryland and granted a license to conduct a "Security Guard Business" and "Private Detective Business."

29. Defendants paid its hourly employees at varying hourly rates.

30. Per Defendants' website, Defendants currently employs guards at various locations, including, but not necessarily limited to:

a. D.C. Water Authority at 1385 Canal St. SE Washington, D.C. 20003;

b. McDonald's at 3901 Minnesota Ave NE. Washington, D.C. 20019;

c. McDonald's at 1235 New York Ave. NW, Washington, D.C. 20005;

d. McDonald's at 2529 Good Hope Rd. SE, Washington, D.C. 20020;

e. McDonald's at 2328 Georgia Ave. NW, Washington, D.C. 20001;

f. UPS at 1835 7th St. NW Washington, D.C. 20001;

g. Tom's Watch Bar at 200 American Way, Oxon Hill, MD 20745;

h. First Baptist Church of Deanwood at 1008 45th St. NE, Washington D.C. 20019;

i. Sax at 734 11th St. NW, Washington, D.C. 20001;

j. Ace Lounge at 1817 7th St. NW, Washington, D.C. 20001;

k. Next Level at 15 K ST. NE, Washington, D.C. 20002;

l. Cloud Lounge at 1919 9th St. NW, Washington, D.C. 20001;

m. YOLO at 2005 14th St. NW, Washington, D.C. 20009;

n. Public Bar Live at 1214 18th St. NW, Washington D.C. 20036;

o. Tipsy at 1212 U St. NW, Washington, D.C. 20009;

p. STFU at 1299 Frist St. Unit 102, Washington, D.C. 20003;

q. Sauf Haus Bier Hall at 1216 18th St. NW, Washington, D.C. 20036;

r. Lost Society at 2001 14th St. NW, Washington, D.C. 20009;

s. Rosebar at 1215 Connecticut Ave. NW, Washington, D.C. 20036;

t. Lola's Barracks bar at 711 8th St. SE, Washington D.C., 20003;

u. Uncaged Mimosas at 300 Florida Ave. NW, Washington, D.C. 20001;

v. Jerk At Nite at 2149 Queens Chapel Rd NE, Washington, D.C. 20018.

31. Per Defendants' website, Defendants provides "celebrity escorting" services and has escorted many individuals, including, for example, Stevie Wonder.

32. Per Defendants' website, Defendants provides "crowd control" services.

33. Defendants' website states, in part, "Our security company specializes in providing professional crowd control solutions, ensuring the safety and management of large gatherings and events. With a trained team skilled in maintaining order and preventing potential risks, we

deliver effective strategies to handle any situation with precision and care. Our focus is on creating a secure environment while minimizing disruption, making us a trusted partner for events of any size."

34. Per Defendants' website, Defendants provides "firearm training" services.

35. Defendants' website states, in part, "Our security company specializes in comprehensive firearm training, equipping individuals and teams with the skills they need for personal and professional protection. We consistently work to improve and enhance our tactical training, ensuring our team remains at the forefront of safety and security practices. With a commitment to excellence, we provide tailored programs to meet diverse needs in today's dynamic security environment."

36. Per Defendants' website, Defendants provides event security services.

37. Defendants' website states, in part, "We provide event security services to ensure the safety of attendees and prevent disruptions during your events."

38. Per Defendants' website, Defendants provides "mobile patrol services."

39. Defendants' website states, in part, "Our mobile patrols provide a visible presence to deter criminal activity and ensure the safety of your property."

40. Defendants employed Plaintiff and other security professionals to work at numerous sites within the past three years.

41. Defendants' security professionals typically worked at least five days each week and often more than forty (40) hours per workweek.

42. Defendants has access to the payroll records and timekeeping records for Plaintiff and all other hourly employees who worked for Defendants in the past three years.

43. On one or more instances during Plaintiff's employment, Plaintiff worked over forty (40) hours in a given workweek.

44. Defendants maintains documents demonstrating the promised hourly wage for each hourly employee, including, but not limited to: offer letters, paystubs, and/or other payroll records.

45. Plaintiff carried out his job duties and responsibilities for Defendants.

46. Defendants provided training to hourly employees.

47. Defendants provided training to hourly employees on Defendants' policies.

48. All of the timekeeping training that Defendants provided to hourly employees was substantially the same.

49. Defendants imposed a timekeeping policy as to all hourly security professionals.

50. Defendants imposed a payroll policy as to all hourly security professionals.

51. At all relevant times, Defendants controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of Plaintiff and all other security professionals.

52. During the past three years from the filing of this Complaint, Defendants' timekeeping system for all of its hourly employees recorded time.

53. Employees' time was recorded on the website of ADP, a third-party payroll provider.

54. Schedule C (Form 1040) is used to report income or loss from a business operated by an individual or from a profession practiced by an individual as a sole proprietor.

55. The IRS instructions for Schedule C (Form 1040) (2025), currently located online at https://www.irs.gov/instructions/i1040sc , provides, in part, the following:

> Line 11

> Enter the total cost of contract labor for the tax year. Contract labor includes payments to persons you do not treat as employees (for example, independent contractors) for services performed for your trade or business. Do not include contract labor deducted elsewhere on your return, such as contract labor includible on line 17, 21, 26, or 37. Also, do not include salaries and wages paid to your employees; instead, see Line 26, later.

55. The IRS instructions for Schedule C (Form 1040) (2025), currently located online at https://www.irs.gov/instructions/i1040sc , provides, in part, the following:

> Line 26
>
> Enter the total salaries and wages for the tax year reduced by the amount of the following credit(s), if applicable.
>
> Work Opportunity Credit (Form 5884).
>
> Empowerment Zone Employment Credit (Form 8844).
>
> Credit for Employer Differential Wage Payments (Form 8932).
>
> Employer Credit for Paid Family and Medical Leave (Form 8994).
>
> Do not reduce your deduction for any portion of a credit that was passed through to you from a pass-through entity. See the instructions for the credit form for more information.

Do not include salaries and wages deducted elsewhere on your return or amounts paid to yourself.

56. In the Schedule C form that Defendant **SHANNON C. STRANGE II** submitted to the IRS for 2025, the Name of the Proprietor under Line A is listed as SHANNON C. STRANGE II and the Business Name listed under Line E is listed as Specific Protection Services.

57. In the Schedule C form that Defendants submitted to the IRS for 2025, Defendants listed Zero dollars ($0) in expenses under Line 11, Contract labor.

58. In the Schedule C form that Defendants submitted to the IRS for 2025, Defendants listed One Million, Three-hundred and Eighty-Seven Thousand, Eight Hundred and Eight-Nine dollars and zero cents ($1,387,859) in expenses under Line 26, Wages (less employment credits).

59. In the Schedule C form that Defendants submitted to the IRS for 2025, Defendants' report labor costs as wages rather than contract labor.

60. Defendants used KOLOB TAX SERVICE, a tax advisory firm, to file their taxes in 2025.

61. Defendant SPECIFIC PROTECTION SERVICES LLC is registered to do business with the Corporations Division of the Government of the District of Columbia D.C. with a street address of 145 Riverhaven dr suite 460, Oxon hill, MD, 20745, USA.

62. Defendant SPECIFIC PROTECTION SERVICES LLC is registered to do business with the Corporations Division of the Government of the District of Columbia in D.C. with a mailing address address of 145 Riverhaven dr suite 460, Oxon hill, MD, 20745, USA.

63. Defendant SPECIFIC PROTECTION SERVICES LLC is registered to do business with the Corporations Division of the Government of the District of Columbia in D.C. with a Registered Agent listed as Defendant **SHANNON C. STRANGE II.**

64. Defendant **SHANNON C. STRANGE II** lists his residential mailing address as 145 Riverhaven dr suite 460, Oxon hill, MD, 20745, USA on his 2025 tax returns.

65. Defendants used Defendant **SHANNON C. STRANGE II's** primary residence as the primary office for Defendants' operations.

66. Defendant **SPECIFIC PROTECTION SERVICES LLC** and Defendant **SHANNON C. STRANGE II** are, in essence, one and the same employer as to Plaintiff and members of the FLSA Collective and Rule 23 D.C. Class.

67. Defendants were joint employers of Plaintiff and members of the FLSA Collective and Rule 23 D.C. Class.

68. Defendant **SHANNON C. STRANGE II** is the sole proprietor of Defendant **SPECIFIC PROTECTION SERVICES LLC.**

69. Defendant directed the employment classification of Plaintiff and members of the FLSA Collective and Rule 23 D.C. Class.

70. Defendant **SHANNON C. STRANGE II** made any and all executive decisions in the name of Defendant **SPECIFIC PROTECTION SERVICES LLC**, including, but not limited to hire/fire decisions, supervision and control of work decisions, control over pay decisions, control of employment records decisions, operational decisions, and classification of employees or independent contractor decisions.

71. Defendant **SHANNON C. STRANGE II** approved payroll and issued payments or directed payroll through a third-party, such as ADP, for Plaintiff and members of the FLSA Collective and Rule 23 D.C. Class who were then paid directly by Defendant **SPECIFIC PROTECTION SERVICES LLC.**

72. Defendant **SHANNON C. STRANGE II** had and continues to have complete control over Defendant **SPECIFIC PROTECTION SERVICES LLC.**

73. Defendant **SHANNON C. STRANGE II** and Defendant **SPECIFIC PROTECTION SERVICES LLC** are, in essence, one and the same.

74. Defendants exercised complete direct and indirect control over the employment of plaintiff and of members of the FLSA Collective and Rule 23 D.C. Class**.**

## COLLECTIVE ACTION ALLEGATIONS

75. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of herself and on behalf of:

> *All current and former similarly situated hourly security professional employees who were misclassified as 1099 independents contractors so that they were not paid time and a half for hours worked over 40 in a given workweek and who worked for Defendants at any time during the three years preceding the date of an order from this Court granting conditional certification up through and including judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

76. Excluded from the proposed FLSA Collective are Defendants' executives, administrative, and professional employees (including computer professionals and outside sales persons), and any salaried employees.

77. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

78. Consistent with Defendants' policies and practice, Plaintiff and the proposed FLSA Collective were not paid time and a half for all time worked over forty (40) hours in a workweek.

79. All of the work Plaintiff and the proposed FLSA Collective performed was assigned by Defendants, and/or Defendants were aware of all of the work the Plaintiff and the proposed FLSA Collective performed.

80. Defendants were aware, or should have been aware, that federal law required it to pay Plaintiff and the proposed FLSA Collective members for all hours worked and an overtime premium for all hours worked in excess of forty (40) per workweek.

81. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a. Willfully failing to pay its employees, including Plaintiff and the members of the FLSA Collective, for all premium overtime wages for hours that they worked in excess of forty (40) hours per workweek.

82. Defendants' conduct with regard to its timekeeping policy for hourly employees has been consistent during the past three-year period from the filing of this Complaint.

83. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

84. The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every proposed FLSA Collective member, to wit: whether the FLSA Collective members are 1) required to work without proper overtime compensation due to Defendants' policies and practices; and 2) entitled to overtime pay for hours worked over forty (40) in a workweek.

85. Plaintiff estimates the FLSA Collective, including both current and former hourly employees over the relevant period, includes over a hundred members. The precise number should be readily available from a review of Defendants' personnel and payroll records.

86. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled but has been unlawfully withheld from them by Defendants.

## RULE 23 D.C. LAW CLASS ACTION ALLEGATIONS

87. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of Plaintiff and on behalf of:

> *All current and former hourly security professionals employees who worked for Defendants at any location in D.C. and who were not paid time and a half for hours worked over forty in a given workweek during the applicable statutory period.*

(hereinafter referred to as the "Rule 23 D.C. Class"). Plaintiff reserves the right to amend this definition if necessary.

88. The members of the Rule 23 D.C. Class are so numerous that joinder of all Rule 23 D.C. Class members in this case would be impractical. Plaintiff reasonably estimates there are over a hundred Rule 23 D.C. Class members. Rule 23 D.C. Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

89. There is a well-defined community of interests among Rule 23 D.C. Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 D.C. Class. These common legal and factual questions, include, but are not limited to, the following:

a. Whether the Rule 23 D.C. Class members were misclassified as independent contractors;

b. Whether the Rule 23 D.C. Class members are entitled to time and a half for overtime pay for hours worked over forty in a given workweek.

c. Whether Defendants engaged in a policy or practice of failing to pay each Rule 23 D.C. Class member overtime compensation for each overtime hour worked; and

d. Whether Defendants should be required to pay treble damages, attorneys' fees, penalties, costs, and interest for violating D.C. laws applicable to the members of the Rule 23 D.C. Class.

90. Plaintiff's claims are typical of those of the Rule 23 D.C. Class in that Plaintiff and all other Rule 23 D.C. Class members suffered damages as a direct and proximate result of the Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other

Rule 23 D.C. Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 D.C. Class members.

91. Plaintiff will fully and adequately protect the interests of the Rule 23 D.C. Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions.

92. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 D.C. Class.

93. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 D.C. Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

94. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendants has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

95. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

96. Because Defendants has acted and refused to act on grounds that apply generally to the Rule 23 D.C. Class and declaratory relief is appropriate in this case with respect to the Rule 23 D.C. Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**

**FLSA COLLECTIVE ACTION VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME FOR ALL TIME WORKED OVER FORTY HOURS IN A GIVEN WORK WEEK.**

97. Plaintiff re-alleges and incorporates all other paragraphs herein.

98. At all times relevant to this action, Defendants were subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

99. At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA

100. At all times relevant to this action, Plaintiff and the FLSA Collective were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

101. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

102. Plaintiff and other FLSA Collective members, by virtue of their job duties and activities actually performed, were all non-exempt employees.

103. Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

104. The FLSA requires an employer to pay employees for all hours worked and the federally mandated overtime premium rate of 1.5 times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

105. The FLSA requires all employers to keep accurate payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). *See* 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

106. At all times relevant to this action, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and all the proposed FLSA Collective members to perform work at times in excess of forty hours a workweek but failed to pay the overtime premium for any time worked over forty (40) in a workweek for all work performed.

107. The work performed every shift by Plaintiff and the proposed FLSA Collective was an essential part of their jobs and these activities and the time associated with these activities was significant.

108. As a result of Defendants' unlawful policies and practices, Plaintiff and the FLSA Collective members were deprived of overtime wages in violation of the FLSA.

109. Defendants' violations of the FLSA were knowing and willful. Defendants could have easily accounted for and properly compensated Plaintiff and the proposed FLSA Collective members for all work activities, but did not.

110. As a result of the foregoing, Plaintiff was injured and seeks appropriate relief against Defendants including unpaid wages (including unpaid overtime), an additional equal amount in liquidated damages (double damages), reasonable attorneys' fees and costs, interest, and all other relief just and appropriate under the circumstances.

**COUNT II**

**RULE 23 D.C. CLASS ACTION VIOLATIONS OF THE DCMWA - FAILURE TO PAY OVERTIME FOR ALL TIME WORKED OVER FORTY HOURS IN A GIVEN WORK WEEK.**

111. Plaintiff re-alleges and incorporates all previous paragraphs herein.

112. At all times relevant to this action, Defendants were subject to the mandates of the DCMWA.

113. At all times relevant to this action, Plaintiff and the Rule 23 D.C. Class worked for and were “employees” of Defendants in D.C. and were therefore covered by the DCMWA.

114. At all times relevant to this action, Defendants were an employer covered by the DCMWA.

115. The DCMWA provides that employees are entitled to a minimum wage, as well as overtime at a rate of one and one-half times the employee’s regular rate of pay for hours worked in excess of forty hours in one workweek.

116. At all times relevant to this action, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the Rule 23 D.C. Class members to work at times over forty hours a workweek and failed to pay these employees overtime compensation to which they were entitled under DCMWA for all the work that they performed.

117. By failing to pay Plaintiff and members of the Rule 23 D.C. Class their overtime compensation to which they were entitled for performing the work described herein, Defendants violated the DCMWA.

118. The DCMWA allows an employee who has not been who has not been paid overtime for all hours worked over forty hours in a given workweek to bring a civil action to recover actual damages, treble liquidated damages, attorneys' fees, and costs.

119. The DCMWA allows an employee to recover liquidated damages in an amount equal to treble damages.

120. The DCMWA requires employers to maintain and preserve payroll records, including the amount paid each pay period to each employee, as well as the hours worked each day and each work week by the employee.

121. Defendants' uniform policy and practice, as described above, was willful, intentional, unreasonable, arbitrary, and in bad faith.

122. As a result, the Rule 23 D.C. Class has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 D.C. Class is entitled to recover actual damages, treble liquidated damages, attorneys' fees plus costs, interest, and other appropriate relief under the DCMWA in an amount to be proven at trial.

**Count III –**

**RULE 23 D.C. CLASS ACTION VIOLATIONS OF THE DCWPCL - FAILURE TO PAY OVERTIME FOR ALL TIME WORKED OVER FORTY HOURS IN A GIVEN WORK WEEK.**

123. Plaintiff re-alleges and incorporates all previous paragraphs herein.

124. At all times relevant to this action, Defendants were subject to the mandates of the DCWPCL.

125. At all times relevant to this action, Plaintiff and the Rule 23 D.C. Class worked for and were "employees" of Defendants in D.C. and were therefore covered by the DCWPCL.

126. At all times relevant to this action, Defendants were an employer covered by the DCWPCL.

127. The DCWPCL provides that employees are entitled to their regular rate of pay for all time worked, as well as overtime at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours in one workweek.

128. At all times relevant to this action, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the Rule 23 D.C. Class members to work over forty hours a workweek at times, and failed to pay these employees their overtime compensation to which they were entitled under DCWPCL, for all the work that they performed.

129. By failing to pay Plaintiff and members of the Rule 23 D.C. Class their overtime compensation to which they were entitled for performing the overtime work described herein, Defendants violated the DCWPCL.

130. The DCWPCL allow an employee who has not been paid their overtime pay to bring a civil action to recover actual damages, liquidated damages, and the employee's costs and reasonable attorney’s fees.

131. The DCWPCL allows an employee to recover liquidated damages in an amount equal to up to damages.

132. Under the DCWPCL, employers who fail to pay wages upon termination or suspension must pay liquidated damages equal to the lesser of 10% of unpaid wages per day or an amount equal to treble (triple) the unpaid wages, plus back wages, attorney fees, and potential statutory penalties.

133. The DCWPCL require employers to maintain and preserve payroll records, including the amount paid each pay period to each employee, as well as the hours worked each day and each work week by the employee.

134. Defendants has recorded the timekeeping records for all hourly employees before they were rounded by Defendants’ rounding policy.

135. Defendants’ uniform policy and practice, as described above, was willful, intentional, unreasonable, arbitrary, and in bad faith.

136. As a result, the Rule 23 D.C. Class has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 D.C. Class is entitled to recover actual damages, liquidated damages, attorneys’ fees plus costs, interest, and other appropriate relief under the DCWPCL in an amount to be proven at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief:

A. An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B. An Order certifying this action as a class action (for the Rule 23 D.C. Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's DCMWA state law claims (Count II);

C. An Order certifying this action as a class action (for the Rule 23 D.C. Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's DCWPCL state law claims (Count III);

D. An Order compelling Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all proposed FLSA Collective members and Rule 23 D.C. Class members, and authorizing Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

E. An Order designating the Plaintiff as representative of the FLSA Collective and the Rule 23 D.C. Class members, and undersigned counsel as Class counsel for the same;

F. An Order declaring Defendants violated the FLSA and the associated regulations;

G. An Order declaring Defendantss' violations of the FLSA were willful;

H. An Order declaring Defendants violated D.C. law for failing to pay Plaintiff and the Rule 23 D.C. Class their regular rate of pay for all time worked and overtime compensation to which they were entitled;

I. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff, the FLSA Collective, and the Rule 23 D.C. Class the full amount of damages and penalty damages available by law, including but not necessarily limited to, actual damages and treble-liquidated damages;

J. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

K. An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

L. An Order awarding such other and further relief as this Court deems appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of facts raised by this Complaint.

Dated: June 10, 2026
Respectfully submitted,*/s/ Gian Fanelli*

Gian Fanelli, Esq. (DC Bar # 1020178)
HKM Employment Attorneys LLP
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, D.C. 20004
(202) 978-3272
gfanelli@hkm.com